WYOMING CENTRAL ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9965, 20546.    Promulgated October 29, 1927.

1. As to the year 1919, the Commissioner sent a deficiency notice dated August 6, 1924, to a wrong address from which it was returned undelivered. In November, 1924, he made an assessment purporting to be under section 274 (c). Subsequently petitioner filed a claim in abatement as to such assessment, which was denied by the Commissioner's letter of August 27, 1926, and as to which the petitioner asks the Board's redetermination. *Held,* that the Commissioner has not determined a deficiency and that the Board has no jurisdiction for the year 1919.

2. As to the year 1918, return was filed June 19, 1919, and jeopardy assessment made in March, 1924. Claims for abatement and refund were filed and appeal was taken from letter of October 28, 1925, rejecting said claims. *Held,* collection of the deficiency is barred.

*John E. Hughes, Esq.,* for the petitioner.
*George G. Witter, Esq.,* for the respondent.

These appeals, which involve the taxable years 1918 and 1919 and which were consolidated for hearing and decision, came on for hearing on a motion filed by respondent to dismiss the appeal respecting 1919 for the reason that the Board has no jurisdiction to hear and determine said appeal. The petition (respecting the year 1919) was filed within 60 days after a letter, bearing the date of August 27, 1926, was mailed to petitioner by respondent. Such letter purports to deny a claim for abatement and notifies petitioner of his right to appeal to the Board within 60 days. In support of his motion, respondent asserts that petitioner was notified of a deficiency deter-

mination for 1919 by registered letter mailed August 6, 1924; that, upon petitioner's failure to appeal to the Board within the 60-day period prescribed by section 274 (a), the deficiency proposed in said notice was regularly assessed in November, 1924, under section 274 (c); that subsequently, petitioner filed a claim for abatement relative to such deficiency; that, the assessment being a regular assessment (rather than a jeopardy assessment under 274 (d)), the respondent, through a mistake, erroneously and without statutory authority, accepted and considered the abatement claim; and that the statement contained in respondent's letter of August 27, 1926, which letter rejected the claim for abatement, informing petitioner of his right to appeal before the Board under the provisions of section 283 of the Revenue Act of 1926, was erroneous, as the deficiency appealed from, being the same one that was regularly assessed in 1924, is not a deficiency under said section 283, which provides that deficiencies are amounts in excess of the tax returned plus any amount subsequently assessed as deficiencies. Petitioner asserts that the letter of August 26, 1924, was not delivered because improperly addressed; that the improper address being due to the negligence of the Bureau of Internal Revenue, the mailing of the letter did not constitute notice under section 274; and contends that if the petition is dismissed, the petitioner's right of appeal to the Board will be defeated. No question of jurisdiction is raised respecting the year 1918.

By amended petition, petitioner alleges the statute of limitations bars the deficiencies for both the years in controversy, and that question is also before us on a motion made by the petitioner. At the hearing it was stipulated, with respect to 1919, that the Board may decide whether the petition shall be dismissed for want of jurisdiction. If this question is decided in the negative, the Board may then decide whether the alleged deficiency is barred by the statute of limitations.

### FINDINGS OF FACT.

Petitioner is a Wyoming corporation with its principal offices located at Casper, Wyo. Its return (Form 1120) for the taxable year 1919, was filed on May 27, 1920, in the fourteenth New York district, petitioner at that time being located in Troy, N. Y. On November 5, 1923, respondent received a letter dated October 30, 1923, from

petitioner notifying respondent of a change of address. The letter, insofar as here pertinent, follows:

NEW YORK OIL COMPANY
Casper, Wyoming
Frank G. Curtis, Founder
(letter-head)

October 30, 1923.

Mr. C. B. Allen,
   Acting Deputy Commissioner,
      Internal Revenue Bureau,
         Washington, D. C.

*Reference: IT: NRA: F-6: JL7-4962-App.*

DEAR SIR: Your letter of October 15th, enclosing statement of the Income Tax of the Wyoming Central Association, was forwarded from Troy, New York, to the company's office at Casper, Wyoming.

Will you kindly change the address of the Wyoming Central Association to the following:

WYOMING CENTRAL ASSOCIATION
% New York Oil Company,
Casper, Wyoming.

We wish to advise you that the Wyoming Central Association was incorporated in 1891, was an existing company in 1913, and control of this company was purchased by the New York Oil Company in 1919, the New York Oil Company subsequently acquiring practically all of the outstanding stock of the Wyoming Central Association.

The present officers of the Wyoming Central Association have scant knowledge of the affairs of the Wyoming Central Association prior to 1919. The Wyoming Central Association books, minutes and other papers are in our hands, and we can dig through the past records and work up the necessary data for you.

The foregoing letter was signed by petitioner's president, who, it appears from the letterhead on the stationery of the New York Oil Co. on which the letter was written, was also an officer of the latter company.

On August 6, 1924, respondent mailed the usual 60-day letter by registered mail advising petitioner of a determination of a deficiency in his income-tax liability for the year 1919 in the amount of $6,388.88 and of his right to file appeal therefrom to the Board within the 60-day period prescribed by section 274 of the Revenue Act of 1924. Further facts respecting the letter, its attempted delivery and return, are set forth in detail in the following letter, the contents of which were fully supported by testimony:

UNITED STATES POST OFFICE,
Casper, Wyoming, July 21, 1927.

WYOMING CENTRAL ASSOCIATION,
Box 1099, Casper, Wyoming.
Att: M. W. Winter, Asst. Sec'y.

GENTLEMEN: Replying to yours of July 20th, relative to a registered letter from the Commissioner of Internal Revenue, Washington, D. C., addressed to the Wyoming Central Association during the month of August, 1924.

Please be advised that this office finds that on August 9, 1924, we received from Chadron & Lander train 603 a register, No. 326662, Washington, D. C., from the Commissioner of Internal Revenue, addressed to the Wyoming Central Association, Casper, Wyoming, without further address. This office gave this letter directory service, being unable to find the Wyoming Central Association listed either in our directory, the city directory, or the telephone directory. Notice was placed in our General Delivery where it remained until the morning of August the 15th, covering the five-day return request, which was on the register. The same being returned to sender on August 15, 1924, marked "unclaimed".

We further find that this office did not have an address and did not know the whereabouts of the Wyoming Central Association until September 18, 1925, when an address was filed at this office for mail addressed to the above mentioned company to be placed in Box 1099.

Trusting this will explain the matter as requested in your letter of above mentioned date, I am,
Sincerely yours,

(Signed)        EDWIN M. BEAN,
Postmaster.

Thereafter, on November 20, 1924 (the 60-day period provided in section 274 (a) of the Revenue Act of 1924 having elapsed without an appeal being filed), the deficiency of $6,388.88 was assessed against the petitioner pursuant to the above-mentioned deficiency notice. The assessment was intended to be, and in fact was, a so-called "regular" assessment rather than a jeopardy assessment under section 274 (d). The assessment list on which said assessment was entered was received by the collector of internal revenue of the fourteenth New York district. On April 6, 1925, the matter was transferred to the collector at Cheyenne, Wyo., in whose district petitioner was located. Subsequent to such assessment, petitioner filed a claim in abatement which was accepted and considered as such by the Bureau of Internal Revenue. A letter, under date of August 27, 1926, notifying petitioner of the rejection of the abatement claim, reads as follows:

Your claim for abatement of a deficiency in tax amounting to $6,388.88 assessed against you for the taxable year 1919 has been carefully considered by this office, and it is proposed to allow the said claim for $ none and to reject it for $6,388.88, as computed upon the enclosed statement.

In accordance with the provisions of Section 283 (e) or Section 283 (k) of the Revenue Act of 1926, you are allowed 60 days (not counting Sunday as the sixtieth day) from the date of mailing of this letter within which to file

a petition with the United States Board of Tax Appeals, Earle Building, Washington, D. C. contesting in whole or in part the correctness of this determination.

If you acquiesce in this determination and do not desire to file such petition, you are requested to execute waiver of your right to file a petition, with the United States Board of Tax Appeals on the enclosed . Form A, and forward it to the Commissioner of Internal Revenue, Washington, D. C., for the attention of IT: CR: G-5-60D-RD. In the event that you acquiesce in a part of the determination, the waiver should be executed with respect to the items to which you agree.

Respectfully yours,

D. H. BLAIR,
*Commissioner.*
By C. R. NASH,
*Asst. to the Commissioner.*

On October 13, 1926 (within 60 days of the date of the letter just quoted) petitioner filed a petition with the Board appealing from respondent's determination of the deficiency of $6,388.88 for 1919.

The facts pertaining to the taxable year 1918 are set forth in the following stipulation:

The petitioner filed its income and profits tax return for the calendar year 1918 with the proper Collector of Internal Revenue on June 19, 1919.

In March, 1924, the respondent made an additional assessment of tax against the petitioner for the year 1918 in the amount of $17,777.05. On November 28, 1924 the petitioner paid $1,000.00 of said additional tax and on January 3, 1925, the petitioner paid a further sum of $1,000.00 and on January 28, 1925 the petitioner paid a further sum of $1,000.00 of the said assessment, leaving an unpaid balance of $14,777.05 which has not been paid. The said assessment is the one in controversy in this appeal.

The petitioner has not filed a waiver extending the time for assessment or collection of any deficiency for the year 1918. No suit or other proceeding in court has been begun for the collection of the tax nor has the Collector issued or served any warrant for distraint.

On June 29, 1927 the petitioner, by its attorney of record, filed a motion with the Board of Tax Appeals moving, among other things, that its petition herein be amended in the following particular, to-wit: "(a) The collection of the alleged deficiency is outlawed by the statute of limitations." It is further stipulated and agreed that the Board of Tax Appeals may allow the amendment to the petition in the form above stated and it is further agreed that the said allegation is denied by the respondent.

The petition, respecting the taxable year 1918, was filed on December 14, 1925, within 60 days of the mailing of a letter dated October 28, 1925, rejecting petitioner's claims for abatement and refund in the amounts of $14,777.05 and $3,000, respectively, filed for the year 1918.

OPINION.

SIEFKIN: We are not persuaded by the reasons advanced by the respondent in support of his motion to dismiss the appeal taken for

the year 1919. However, the chain of events leading to the appeal, when examined in the light of the statutory provisions conferring jurisdiction, leads us to conclude with respondent that the Board is without jurisdiction as to that year. The relevant facts will be briefly restated in considering the effect of the several events in the order of their happening.

In November, 1923, respondent received a notice from the petitioner of a change of address to " % New York Oil Company, Casper, Wyoming:" When mail is directed to be sent in care of another, it is commonly understood that the one so directing has no address known to the postal authorities in a given locality and can be reached only by the use of the known address of another. Also, petitioner's use of a letterhead of another corporation, and its statement that it was a subsidiary of such other corporation, further indicate the absence of a separate postal identity in petitioner corporation. Respondent neglected to address the 60-day letter of August 6, 1924, as instructed, and the insufficient address resulted in failure of delivery and return of the letter to the respondent. We have held in *Walter G. Morgan*, 5 B. T. A. 1035, and *Utah Orpheum Co.*, 6 B. T. A. 343, that such a notice addressed to the wrong place is not notice under section 274 (a) of the Revenue Act of 1924. Inasmuch as the purpose of an address is to permit delivery in due course, an insufficient address is quite as faulty as a complete but erroneous one. Accordingly, we are of the opinion that, under the principles enunciated in the cited cases, the letter of August 6, 1924, was not notice to petitioner under the statutory provision which reads:

SEC. 274. (a) If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the taxpayer, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 60 days after such notice is mailed the taxpayer may file an appeal with the Board of Tax Appeals established by section 900.

The next action of the respondent was the assessment of the deficiency referred to in the above-mentioned 60-day letter. This assessment was made on November 20, 1924. It was not intended to be, and the assessment lists show it was not a jeopardy assessment but was an assessment made pursuant to section 274 (c), which provides:

(c) If the taxpayer does not file an appeal with the Board within the time prescribed in subdivision (a) of this section, the deficiency of which the taxpayer has been notified shall be assessed, and shall be paid upon notice and demand from the collector.

Section 274 (subdivision (a)) provides that assessment shall be made " only as hereinafter provided." The same section subsequently provides for assessment (except in cases of jeopardy) only after decision by the Board or upon failure to appeal from a determined

deficiency within 60 days after notice has been mailed to the taxpayer. In view of these provisions, and our finding that statutory notice had not been mailed petitioner, the assessment in November was not made in compliance with the statute.

Respecting the assessment, suffice it to say that the action did not of itself constitute a determination of deficiency from which petitioner could appeal, for no notice thereof, other than the usual notice and demand for payment, was served upon petitioner. See *Joseph Garneau Co.*, 1 B. T. A. 75.

At some time subsequent to the assessment, petitioner filed a claim for abatement which was accepted and considered by respondent. It should be noted at this point that the Revenue Act of 1924 makes no provision for a claim in abatement from any assessment other than one in jeopardy. On August 27, 1926, respondent addressed a letter to petitioner notifying it of the rejection of the abatement claim. It was from this letter that the petitioner filed the appeal in question in accordance with the statement in the letter to the effect that an appeal was allowable under section 283 of the Revenue Act of 1926.

It thus appears there was a determination of a deficiency in tax during August, 1924, of which petitioner received no statutory notice. There followed an unauthorized assessment in November of that year. Subsequently, petitioner filed an unauthorized claim of abatement with respect thereto. Later respondent finally decided the amount improperly assessed was the correct deficiency, and notified petitioner the claim for abatement was rejected—and petitioner appeals.

Does such a state of facts come within the purview of the statutory provisions prescribing the class of cases over which the Board is given jurisdiction? The Revenue Acts of 1924 and 1926 provide for appeal to the Board in two classes of cases, which are distinguished by two designated and essentially different procedural bases. Under sections 274 (a), (b), and (c) of those Acts, appeal may be filed within 60 days after notice of a deficiency determination is mailed. Also, appeal is granted (under sections 274 (d) and 279 of the 1924 Act, and section 279 of the 1926 Act) in event of a jeopardy assessment followed by the rejection of a claim for abatement. Section 283 of the 1926 Act, which is referred to in the letter of August 27, 1926, does not enlarge upon the two prescribed procedural routes leading to appeal to the Board in any way pertinent to the case here presented.

It seems apparent from what has been said, that the facts of record do not present a case within either of the classes over which the Board has jurisdiction. It could not be an appeal from a jeopardy

assessment for there was no such assessment. On the other hand, the letter of August 27, 1926, does not profess to be a notice of deficiency determination under section 274 (a). It is true, in a sense, that the letter does notify petitioner of a determination of a deficiency. But, in form and purport, the letter professes to be a part of the procedure leading to an appeal from a jeopardy assessment, while petitioner now contends that it represents a portion of the procedure essential to ground an appeal from a regular assessment. We do not think such a letter qualifies as " such notice " from which a taxpayer may appeal under the last sentence of section 274 (a). To hold otherwise would be to sanction appeals taken at the termination of a hybrid procedure created by the confusing of the two simple distinct types of procedure prescribed by statute as essential to the Board's jurisdiction. The motion to dismiss the appeal relating to the year 1919 must be granted.

There remains the question whether the deficiency for 1918 is barred by the statute of limitations. The same question was considered on an analagous state of facts and decided adversely to the respondent in *Reliance Manufacturing Co.*, 7 B. T. A. 583. That decision is conclusive of the issue at bar.

Reviewed by the Board.

*The petition for the year 1919 is dismissed. Judgment will be entered for the petitioner respecting the year 1918.*